NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3678
_____

UNITED STATES OF AMERICA

v.

FRANK CAPLE,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-07-cr-00394-001)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2010

Before: RENDELL, JORDAN and HARDIMAN, Circuit Judges

(Filed: December 13, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Appellant Frank Caple was indicted on drug and firearm charges. The drug

charges included distribution, possession with intent to distribute, and conspiracy

charges. A jury found Caple guilty on all charges except one count of illegal possession

of a firearm. Caple's appeal raises two issues: (1) whether the District Court improperly

denied suppression of physical evidence discovered during a search of Caple's residence and (2) whether the jury's verdict is supported by sufficient evidence of conspiracy to distribute controlled substances. For the reasons set forth below, we will affirm Caple's conviction.[1]

## I.

Caple argues that the District Court improperly denied his motion to suppress physical evidence discovered during a search of his residence for several reasons. He attacks the search warrant, arguing that it was not supported by probable cause, was based solely on unreliable hearsay statements, contained stale information, and was overbroad. He also argues that evidence against him should have been excluded because law enforcement used an overly suggestive procedure to identify him. We review a district court's denial of a suppression motion for clear error as to the underlying factual findings and exercise plenary review of the application of the law to the facts. *United States v. Lockett*, 406 F.3d 207, 211 (3d Cir. 2005).

### A.

Caple first argues that the search warrant officers used to search his residence was not supported by probable cause. Our review of this issue is limited; we "simply ensure[] that the magistrate had a substantial basis for concluding that probable cause existed." *United States v. Jones*, 994 F.2d 1051, 1055 (3d Cir. 1993).

---

[1] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have jurisdiction on appeal pursuant to 28 U.S.C. § 1291.

[2] The Government argues that, regardless of whether there was probable cause to support the issuance of a search warrant of Caple's residence, the good faith exception to

2

We agree with the District Court that the magistrate had a substantial basis to conclude that there was probable cause to search Caple's residence.[2] The 16-page affidavit that supported the search warrant related the investigating officer's qualifications, experience, and training and described in detail his involvement in and familiarity with Caple's investigation, including his surveillance of controlled drug purchases and information provided by a number of witnesses. One witness told the investigators that Caple controlled an illegal drug sales operation, usually had a lot of crack cocaine on hand, and had sold crack cocaine to the witness in the past. The witnesses participated in several controlled drug buys from Caple, which took place at Caple's residence over a four-month period. After each buy, the witness turned over crack cocaine, informed the officers that Caple had supplied him with the drugs, and identified Caple from a photograph as the person who sold him the drugs. In addition, recording devices worn by the witnesses during the purchases revealed Caple discussing money he made selling drugs and using jargon common to drug dealers. This information provides a substantial basis for the magistrate's finding that there was probable cause to search Caple's residence.

**B.**

Next, Caple contends that the magistrate unreasonably relied on hearsay statements contained in the affidavit attached to the warrant application. "An affidavit or

---

[2] The Government argues that, regardless of whether there was probable cause to support the issuance of a search warrant of Caple's residence, the good faith exception to the exclusionary rule would apply under these circumstances. *United States v. Leon*, 468 U.S. 897, 921-925 (1984). Because we find that probable cause supports the search of Caple's residence, we need not reach that issue.

a complaint may be validly based on hearsay information." *United States v. Schartner*, 426 F.2d 470, 473 (3d Cir. 1970). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Given all of the information provided in the affidavit, we agree with the magistrate that there was a fair probability that contraband would be found in Caple's residence. The affidavit is not based solely on hearsay; its hearsay statements are corroborated by interviews with multiple witnesses, photographic identification, record checks, the officer's own participation in the controlled buys, and his review of recordings made during the controlled buys. Moreover, as we determined above, the sum total of all of this information provided a substantial basis to find probable cause to search Caple's residence.

## C.

Caple argues further that the warrant lacked probable cause because the information contained in the warrant was stale. The "[a]ge of the information supporting a warrant application is a factor in determining probable cause." *United States v. Harvey*, 2 F.3d 1318, 1322 (3d Cir. 1993). "If too old, the information is stale, and probable cause may no longer exist." *Id*. Stale information "may have little value in showing that contraband or evidence is still likely to be found in the place for which the warrant is sought." *United States v. Williams*, 124 F.3d 411, 420 (3d Cir. 1997). In determining

whether the information contained in the affidavit is stale, the magistrate must look at the facts and circumstances of each case and "examine the nature of the crime and the type of evidence." *Harvey*, 2 F.3d at 1322.

We agree with the District Court that the information contained in the affidavit was not stale. The information in the affidavit indicated that Caple had engaged in drug trafficking activity over a period of months, with the last controlled transaction taking place only weeks before the warrant was issued. "[C]ourts have upheld determinations of probable cause in trafficking cases involving . . . even longer periods." *United States v. Feliz*, 182 F.3d 82, 87 (1st Cir. 1999) (holding that information relating to transactions occurring three months before execution of search warrant affidavit was not stale). The affidavit also alleged facts to suggest that Caple was engaged in a continuing criminal enterprise: he had engaged in drug trafficking activity over a period of months and had promised to provide witnesses with drugs again in the future. Because "[Caple's] drug trafficking was of a continuous and ongoing nature," it was reasonable to conclude that the items sought as evidence of Caple's drug trafficking would be maintained for a period of time. *Id.* Accordingly, Caple's argument regarding the age of the information fails.

## D.

Caple also contends that the search warrant was overbroad. The Fourth Amendment prohibits a "general warrant . . . that authorizes a general exploratory rummaging in a person's belongings" and thus requires "all warrants to contain a particular description of the things to be seized." *United States v. Christine*, 687 F.2d 749, 752 (3d Cir. 1982) (internal quotations omitted).

5

After reviewing the investigating officer's affidavit, we conclude that the warrant was not overbroad. The items sought in the affidavit, such as drugs, cutting agents, scales, and weights, were specifically related to Caple's drug distribution business. When it was not clear how certain items related to Caple's criminal activity, the affidavit provided an explanation. For example, the affidavit alleged that, based on the officer's experience investigating drug trafficking cases, a drug trafficker's financial dealings related to his drug trafficking business are often recorded in certain types of documents, which explains why the warrant sought such documents. Furthermore, the warrant did not authorize the seizure of virtually all documents of any kind, as Caple alleges, but only authorized the seizure of documents specifically related to Caple's drug activities. Therefore, the warrant contained a particular description of the things to be seized and did not constitute a general warrant prohibited by the Fourth Amendment.

## E.

Next, Caple urges that the identification procedure law enforcement officers used during their investigation was overly suggestive and thereby tainted the warrant issued in this case. "A due process violation can result when an identification procedure is so suggestive that it undermines the reliability of the resulting identification." *United States v. Lawrence*, 349 F.3d 109, 115 (3d Cir. 2003). In determining whether an identification violates due process, a court must examine the totality of the circumstances. *Id*.

Under the totality of the circumstances, we agree with the District Court that the witness identifications did not taint the search warrant in this case. Although the witnesses were merely shown a photograph of Caple and asked if he had sold drugs to

them, as opposed to being shown an array of photographs and ensuring that they chose Caple out of the array, photo identification was not the sole means of identifying the defendant. The witnesses had prior dealings with Caple, and knew him well enough that they were able to arrange drug purchases from him over the telephone. Furthermore, the recordings of the controlled drug buys confirm that the witnesses and Caple knew each other prior to the drug buys. Under these circumstances, the photo identification served merely to ensure that the witnesses were speaking about the same person and to confirm other information. Therefore, the District Court properly found that the identifications provided by the witnesses were not so suggestive as to violate due process.

## II.

Finally, Caple contends that the jury's verdict was not supported by sufficient evidence of a conspiracy to distribute and possess with intent to distribute crack cocaine and marijuana, in violation of 21 U.S.C. § 846.[3] "To make out a conspiracy charge, the Government must show: (1) a unity of purpose between the alleged conspirators; (2) an intent to achieve a common goal; and (3) an agreement to work together toward that goal." *United States v. Pessler*, 256 F.3d 144, 147 (3d Cir. 2001). Factors that may support an inference of conspiracy include "the length of affiliation between the defendant and the conspiracy; whether there is an established method of payment; the extent to which transactions are standardized; and whether there is a demonstrated level

---

[3] Under 21 U.S.C. § 846, "[a]ny person who attempts or conspires to commit any offense defined in the subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

of mutual trust." *United States v. Gibbs*, 190 F.3d 188, 199 (3d Cir. 1999). "A credit relationship" may reflect this kind of mutual trust, "and often evidences the parties' mutual stake in each other's transactions." *Id.* at 200. The jury found sufficient evidence of a conspiracy, and our review is "deferential to the jury verdict": "'we must . . . consider the evidence in the light most favorable to the verdict and ask whether a reasonable jury could have found that the contested elements were proven beyond a reasonable doubt.'" *United States v. Jimenez*, 513 F.3d 62, 81 (3d Cir. 2008) (quoting *United States v. Hull*, 456 F.3d 133, 141 (3d Cir. 2006)).

We find that substantial record evidence supports the jury's conspiracy verdict, as follows. William Mullin testified that Caple gave him drugs on consignment or on credit for the purpose of distributing them and returning to Caple a portion of the proceeds. Caple also entered into a similar consignment or credit agreement with Najasta Mullin, who testified that Caple gave her drugs and told her to "sell [the drugs] and give him back 65 and keep 35." A third witness testified that Caple's girlfriend would deliver drugs to him after Caple arranged the sale. In addition, a witness testified that on one occasion Caple had her go to a corner near his house to deliver either crack or powder cocaine to a customer. From this testimony, a reasonable jury could conclude that Caple was a primary drug dealer who established agreements with each of these witnesses to engage in drug distribution activities, thus satisfying the elements of the conspiracy charge.

### III.

For all of these reasons, we will affirm the Order of the District Court.

8